Tolbert Moss, Jr. v. Commissioner.
Moss v. Commissioner
Docket No. 5408-66.
United States Tax Court
T.C. Memo 1968-87; 1968 Tax Ct. Memo LEXIS 212; 27 T.C.M. (CCH) 414; T.C.M. (RIA) 68087; May 14, 1968. Filed *212 Tolbert Moss, Jr., pro se, 2919 E. 37th St., Cleveland, Ohio. Gerald D. Babbitt, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in the income tax liability of petitioner for the years 1963 and 1964 in the amounts of $339.24 and $277.58. These deficiencies arise from respondent's disallowance of an exemption claimed in each year on account of petitioner's dependent mother, of deductions claimed in both years on account of automobile expenses, and of deductions claimed on account of interest and taxes in both years. Findings of Fact At the trial herein the parties stipulated the amounts of interest and most of the taxes which are properly deductible by petitioner for the years here in question. We find the facts in connection with these deductions to be as stipulated. The issues remaining for our determination relate to the dependency exemption, the automobile expenses, and the amount of sales taxes, if any, paid by petitioner in 1964. Petitioner resides in Cleveland, Ohio, and resided there during the taxable years. His income tax returns for those years were filed with the district director of internal *213 revenue at Cleveland. In these returns petitioner reported the receipt of wages and salaries in the amount of $6,185.73 in the year 1963 and the amount of $6,748.82 in 1964, and made the following deductions: 1963
1964
Contributions
$125.00
$100.00
Interest
413.83
425.55
Taxes
[1] 374.00
[2] 277.00
Union dues
60.00
60.00
Uniforms
96.20
Safety shoes
50.00
45.00
Automobile expenses (one- half total expense of $1,041.00)
[3] 520.50
[3] 520.50
"Laundry in wk"
96.20
Work gloves
26.00 415 It is stipulated that petitioner is entitled to a deduction in each *214 of the taxable years on account of gasoline taxes paid of $175 "and for no other amount," that he is entitled to a deduction in 1963 of sales taxes paid in the amount of $199 "and for no other amount," that he is not entitled to any deduction in 1964 on account of real estate taxes paid, and that he is entitled to deductions in 1963 and 1964 of interest paid in the respective total amounts of $301.85 and $297.39 "and for no other amount." There is no stipulation with regard to the item of $41 deducted as sales tax paid in 1964. As to this item we find that it was paid by petitioner in that year. During the taxable years petitioner was employed as a "mattress handler" by the Ohio Mattress Company in Medina, Ohio. This had been his sole employment (and only source of income) since 1952 with the exception of a period of approximately 18 months prior to 1963 during which he had served in the armed forces. The factory in which petitioner worked was located approximately 35 miles from his home. No buses operated between Cleveland and Medina during the hours when petitioner was working. During the taxable years petitioner owned an automobile in which he drove to and from his place of *215 work 6 days a week during 51 weeks each year. No reason is shown by the record herein why petitioner maintains his home in Cleveland rather than in Medina. Petitioner did not hold the legal title to the real estate occupied by him and his household during the taxable years. This household consisted of petitioner's mother, his brother, who was deformed and required constant care, two sisters and a nephew, all of whom he claimed as dependents. Petitioner spent $60 or $70 a week for food for his household. He spent at least $100 each year for Blue Cross and Blue Shield insurance. He made payments of approximately $1,100 each year on the purchase price of an automobile. He made payments to the Ohio Mutual Mortgage Company in 1963 and 1964 in the amounts of $370 and $250 respectively. Petitioner's mother, Maggie Moss, received an annuity from the Railroad Retirement Board of $84 a month during the period January 1, 1963, to July 31, 1964, and of $86.20 a month from August 1, 1964 through December 31, 1964. Opinion KERN, Judge: Petitioner seeks to repudiate the stipulation which disposes of the issue relative to the deduction of interest and (except the $41 item of sales tax for *216 1964 noted in our findings) the deduction of taxes paid. His ground is that the stipulation was not read to him by counsel for respondent. We are satisfied that petitioner read and understood the stipulation at the time it was filed at the trial held herein. Accordingly, we conclude that the issues having to do with the deductions of interest and of taxes (with the exception of the item noted above) have been settled by the valid stipulation of the parties. With regard to the item of sales tax in the amount of $41 deducted by petitioner in 1964 we decide in favor of petitioner that its deduction was properly made. This is in conformity with the stipulation of the parties in connection with the deduction of sales taxes in 1963. Petitioner, who chooses to live in Cleveland, may not deduct the automobile expenses incident to his travel to and from his place of employment in Medina, Ohio. These are personal commuting expenses and have been held to be non-deductible as such by the Supreme Court in . The remaining issue has to do with respondent's determination that petitioner is not entitled to a dependency exemption on account of *217 his mother, who lives in petitioner's household. In view of this determination petitioner has the burden of proving that he furnished over half of his mother's support during the taxable years. In our opinion he has failed to do so and accordingly we decide this issue in favor of respondent. Decision will be entered under Rule 50. Footnotes
1. The return lists the taxes paid items as gasoline taxes of $175, sales taxes of $61, "extra tax on furn." of $36, and "$102 on car" under the printed words "Personal property." ↩
2. The return lists the taxes paid items as real estate taxes of $61, gasoline taxes of $175, and sales tax of $41. ↩
3. In 1963 these expenses were itemized as 2,500 gallons of gasoline at 35" a gallon, oil and grease at $50 and insurance of $116. In 1964 these expenses were itemized as 2,000 gallons of gasoline at 36" a gallon, oil and grease at $60, insurance at $166 and tires and repairs at $95.↩